UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN

| | | |
|---|---|---|
| IN RE | ) | Chapter 7 |
| | ) | |
| GILDA B. RAMOS, | ) | CASE NO. 15-22212 |
| | ) | |
| Debtor(s). | ) | Hon. Janet S. Baer |

## COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION

| | |
|---|---|
| Name of Applicant: | STEVEN R. RADTKE, Attorney for the Trustee |
| Authorized to Provide Professional Service to: | Steven R. Radtke, Trustee of the Estate of GILDA B. RAMOS |
| Date of Order Authorizing Employment: | October 28, 2015 (retroactive to September 1, 2015) |
| Period for Which Compensation is Sought: | September 1, 2015 to close of case |
| Amount of Fees Sought: | $19,125.00 |
| Amount of Expense Reimbursement Sought: | $428.25 |
| This is a(n): | Interim Application ___    Final Application  X  |

If this is *not* the first application filed herein by this professional, disclose as to all prior fee applications: N/A

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed | Any Amount Ordered Withheld |
|---|---|---|---|---|
|  |  |  |  |  |

The aggregated amount of fees and expenses *paid* to the Applicant to date for services rendered and expenses incurred herein is: $0.00

DATED:  6/2/16                    By:  /s/ Steven R. Radtke
                                       STEVEN R. RADTKE

STEVEN R. RADTKE
79 West Monroe Street, Suite 1305
Chicago, IL 60603
(312) 346-1935
RamosCvrShTrAttyAppFee

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | Case No. 15-22212 |
| GILDA B. RAMOS, | ) | Hon. Janet S. Baer |
| | ) | |
| Debtor. | ) | |

**FIRST AND FINAL APPLICATION FOR ALLOWANCE OF
COMPENSATION AND REIMBURSEMENT OF EXPENSES TO
<u>THE TRUSTEE'S ATTORNEYS</u>**

Steven R. Radtke and Chill Chill & Radtke, P.C. ("Applicants"), pursuant to §330 of Title 11, United States Code, request this Court to enter an order allowing compensation and reimbursement of expenses them as attorneys for the Trustee, and in support thereof, respectfully state as follows:

1. Debtor commenced this case by filing her voluntary petition for relief under Chapter 7 of the Bankruptcy Code on June 26, 2015 (the "Petition Date").

2. Steven R. Radtke (the "Trustee") is the duly appointed, qualified and acting trustee in this Chapter 7 case.

3. On October 28, 2015, the Court entered an order authorizing the Trustee to retain Applicants as his attorneys, retroactive to September 1, 2015. A copy of the retention Order Authorizing is attached hereto as **Exhibit A.**

4. Applicants have served continuously as counsel to the Trustee since the time of their retention.

5. This is Applicants' first and final Application for allowance of compensation and reimbursement of expenses. It covers the period from September 1, 2015 through the closing of the case. Applicants have received no compensation or reimbursement of expenses to date.

6. The Debtor scheduled an interest in a Traditional IRA at Symetra Life Insurance Company ("Symetra") and claimed that it was exempt as a Retirement Plan under Illinois law. She testified at her 341 meeting that she inherited the money used to fund the IRA from her deceased husband.

7. Applicants assisted the Trustee in discovering the actual facts and circumstances of the inheritance. They researched applicable legal decisions interpreting the breadth of the Supreme Court's decision in *Clark v. Rameker*, 134 S.Ct. 2242 (2014), and determined that the Debtor's claim of exemption was objectionable. They coordinated with the United States Trustee

1

on discovery, discharge and related issues. On behalf of the Trustee, they approached the Debtor, through counsel, about resolving the estate's claim to the subject retirement funds. When Debtor rejected the Trustee's proposal, Applicants prepared, filed and successfully pursued the Trustee's Objection to Debtor's Amended Claim of Exemption in her Traditional IRA at Symetra Insurance Company ("Symetra").

8. After consulting the Trustee's accountant, Applicants made demand of Symetra to liquidate $90,000 of the $192,000 Symetra Insurance policy. They assisted the Trustee in collecting funds sufficient to pay contractual surrender charges, the federal and state income taxes generated by the liquidation, all allowed administrative expenses and the claims of general unsecured creditors in full, with interest.

9. Applicants have organized and categorized their time and costs in connection with the case, a copy of which is attached hereto as **Exhibit B.**

10. A general description of the time expended in the various categories is as follows:

(a) FEE/EMPLOYMENT APPLICATIONS: Time spent in this category relates to performance of necessary services to retain Applicants and the Trustee's accountants. The accountants prepared the Trustee's federal state fiduciary tax returns and calculated the tax due, and prepared an analysis of the amount of Debtor's annuity that needed to be liquidated. Time in this category also includes actual time preparing Applicants' first and final fee application.

(b) INVESTIGATION AND DISCOVERY RE SCHEDULING ISSUES, 341 TESTIMONY AND DISCHARGE ISSUES: Time spent in this category relates to investigating Debtor's claim that she inherited moneys from her deceased spouse and her claim for an exemption in those funds as a retirement plan under Illinois law. Given Debtor's conflicting 341 meeting testimony, time spent in this category also includes cooperating with the United States Trustee on discovery, attending its 2004 examinations of debtor which covered areas of interest to the Trustee and analyzing discharge and related issues.

(c) OBJECTION TO AMENDED CLAIM OF EXEMPTION: Time spent in this category relates to preparing and pursuing the Trustee's Objection to Debtor's Amended Claim for an Exemption in her traditional IRA at Symetra.

(d) CASE ADMINISTRATION: Services rendered in this category relate to consulting with the Trustee's accountant regarding the appropriate annuity liquidation amount and the income tax consequences of the liquidation, making demand of Symetra for turnover of non-exempt estate property, working with Symetra regarding

withholding issues and mechanics of payment and day to day legal services required in the Trustee's administration of the estate.

11. Applicants' time is allocated as follows:

| ACTIVITY | HOURS | COMPENSATION REQUESTED |
|---|---|---|
| Fee/Employment Applications | 5.40 | $ 1,950.00 |
| Investigation and Discovery Re Scheduling Issues, 341 Testimony and Discharge Issues | 16.30 | $ 6,112.50 |
| Objection to Amended Claim of Exemption | 19.70 | $ 7,387.50 |
| Case Administration | 10.60 | $ 3,675.00 |
| TOTAL | 52.00 | $ 19,125.00 |

12. Based on the nature, extent and value of services performed by Applicants, the compensation requested is fair and reasonable and Applicants request that the Court enter an order allowing the same and authorizing the Trustee to pay said fees in the amount requested.

WHEREFORE, Applicants request that the Court enter an order as follows:

A. Allowing the first and final request for allowance of compensation to Steven R. Radtke and the law firm of Chill, Chill & Radtke, P.C., attorneys for the Trustee, in the sum of $19,125.00 plus costs advanced in the sum of $428.25 for a total allowance of $19,553.25; and

B. Granting Applicants such other and further relief as this Court shall deem proper.

Respectfully submitted,

By: /s/ Steven R. Radtke

Steven R. Radtke (#3124816)
CHILL, CHILL & RADTKE, P.C.
Attorneys for the Trustee
79 W. Monroe Street, Suite 1305
Chicago, IL 60603
(312) 346-1935
RamosAttyFee

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | Case No. 15-22212 |
| GILDA B. RAMOS, | ) | Hon. Janet S. Baer |
| | ) | |
| Debtor. | ) | |

**Affidavit Pursuant to Rule 2016**

State of Illinois   )
County of Cook   )

I, STEVEN R. RADTKE, being first duly sworn on oath, deposes and states as follows:

1. I am a principal in Chill, Chill & Radtke, P.C. and am authorized to execute this affidavit on behalf of Chill, Chill & Radtke, P.C.

2. I have read the First and Final Application for Allowance for Compensation and Expenses ("Application") and all of the factual matters set forth therein are true to the best of my knowledge, information and belief. I or my agents pursuant to my direction performed the services set forth and described in the Application.

3. I have made no arrangements for a division of compensation received or to be received herein directly or indirectly nor does any understanding exist between myself or any other person, except that I am a principal at Chill, Chill & Radtke, P.C. a law firm at which I was employed during the pendency of this case. I have not previously received payment of any compensation of services rendered in connection with this case.

4. Further Affiant sayeth not.

_____
Steven R. Radtke

Subscribed and sworn to
before me this 2d day
of June, 2016

OFFICIAL SEAL
SOCORRO CHAVEZ
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:03/24/18

_____
Notary Public
RamosAttyFee

4

OFFICIAL SEAL
SOCORRO CHAVEZ
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:03/24/18